UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GERARD NAPOLITANO,

                Petitioner,                         MEMORANDUM & ORDER
                                                  05 CV 6049 (NGG)

    v.

UNITED STATES OF AMERICA,

                Respondent.
----------------------------------------------------------X
GARAUFIS, United States District Judge.

       Petitioner Gerard Napolitano ("Napolitano" or "Petitioner") brings this habeas corpus petition pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons' ("BOP") policy of limiting his placement in a Community Correctional Center ("CCC") to the lesser of six months or the last ten percent of his sentence. For the reasons set forth below, Napolitano's petition is hereby transferred back to the sentencing court for disposition.

       On May 26, 2004, Napolitano was sentenced before the Honorable Colleen J. McMahon in the United States District Court for the Southern District of New York to 24 months incarceration and a term of three years supervised release, following his plea of guilty to Conspiracy to Commit Wire and Mail Fraud in violation of 18 U.S.C. § 371, and Making False Statements to the Department of Agriculture in violation of 18 U.S.C. § 1001. Napolitano was thereafter incarcerated at the Metropolitan Detention Center in the Eastern District of New York. On October 25, 2005, he filed the instant petition pursuant to 28 U.S.C. § 2255 before Judge McMahon in the Southern District of New York. Because his petition challenged the conditions of his incarceration, in an Order dated December 19, 2005, Judge McMahon construed his

petition as pursuant to 28 U.S.C. § 2241. In accordance with the jurisdictional provisions of 28 U.S.C. § 2241, she transferred the petition to this district, where the petitioner was incarcerated at the time.

In April of 2006, while serving the last ten percent of his sentence, Petitioner was placed in a CCC. Petitioner was released from prison on June 2, 2006. After his release, in July of 2006, the Second Circuit reviewed and struck down the BOP's policy limiting placement in CCC's to the lesser of six months or the last ten percent of an inmate's sentence. See Levine v. Apker, 455 F.3d 71 (2d Cir. 2006).

Although Napolitano's petition was properly transferred to this District in 2005, due to the subsequent change in Petitioner's circumstances, this court no longer has jurisdiction to adjudicate his petition. Because Napolitano was placed in a CCC pursuant to a policy later declared unlawful by the Second Circuit, this court would be obligated to grant the petition and order the BOP to make a determination as to Petitioner's CCC eligibility under the standards enacted post-Levine. However, since Petitioner has been released from prison, such a request is now moot.

Nevertheless, Petitioner may be entitled to "effectual relief" by, for example, shortening the length of his supervised release term. See id. at 77. Petitioner was sentenced in the Southern District of New York, however, and only the court that sentenced Petitioner can "modify, reduce or enlarge the conditions of supervised release." 18 U.S.C. § 3583(e)(2). Therefore, this court does not have the authority to provide him with any effectual relief. See Eleazar v. Menifee, 05 Civ. 533 (GBD), 2006 U.S. Dist. LEXIS 90115, at *4-6 (S.D.N.Y. Dec. 5, 2006) (finding that the court was unable to provide effectual relief where the petitioner was serving a term of supervised

2

release and had been sentenced in another district).

Furthermore, jurisdiction for petitions filed pursuant to 28 U.S.C. § 2241 lies with "the district of confinement." Rumsfeld v. Padilla, 124 S.Ct. 2711, 2722 (2004). Since Petitioner is no longer confined in the Metropolitan Detention Center, this court no longer has jurisdiction over his petition. Petitioner is, however, currently serving a three year term of supervised release in the Southern District of New York, which constitutes custody for the purposes of habeas petitions. See Jones v. Cunningham, 371 U.S. 236, 240-43 (1963); Earley v. Murray, 451 F.3d 71, 75 (2d Cir. 2006). Consequently, it is solely the sentencing court in the Southern District of New York which maintains both jurisdiction over Napolitano's petition and the ability to fashion a remedy.

## III. Conclusion

For the reasons set forth above, Napolitano's petition is hereby transferred to the United States District Court for the Southern District of New York. The Clerk of the Court is hereby directed to transfer this case to the Southern District of New York and close this case.

SO ORDERED.

Dated: April 26, 2007
Brooklyn, NY

/signed/
Nicholas G. Garaufis
United States District Judge